IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEWART P. MCCRAY,

        Plaintiff,

v.                                                                         Case No. 23-2175-JWB

MCCRAY LUMBER COMPANY;
CHANDLER MCCRAY; and
HARRY C. MCCRAY III,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand the action to state court (Doc. 13) and on Defendant's motion to strike or to file a surreply (Doc. 25.[1]) The motion to remand is fully briefed (Docs. 20, 24) and Plaintiff has responded to the motion to strike (Doc. 27.) For the reasons stated herein, Defendant's motion to strike (Doc. 25) is DENIED, and Plaintiff's motion to remand (Doc. 13) is GRANTED.

**I. Background and facts**

Plaintiff filed a petition in the District Court of Johnson County, Kansas, on April 14, 2023, asserting claims of fraud, conversion, and breach of fiduciary duties relating to a family trust. (Doc. 1-1.) The trust was created by Plaintiff's parents. It provides in part that the trust estate (which includes ownership of the McCray Lumber Company) shall be divided into five equal shares for each of the grantors' five children, including Plaintiff and Defendants Chandler McCray and Harry C. McCray III (referred to as "Hatch"). The trust provided in part that any of the five children still

---

[1] The court finds that Plaintiff's reply brief (Doc. 24) did not raise new arguments beyond the scope of his initial brief and that no grounds have been shown for striking the arguments or allowing a surreply.

employed by McCray Lumber at a specified "Termination Date" would have the right to buy out the shares of the other siblings. Chandler and Hatch are officers of and continue to work at McCray Lumber. According to Plaintiff's petition, the Termination Date had not yet occurred but Defendants improperly terminated the trust, purported to have purchased Plaintiff's shares, and have converted Plaintiff's shares to their own use and benefit.

On April 24, 2023, McCray Lumber filed a notice of removal, alleging removal to this court was proper because there was complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeded $75,000, such that this court has original subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 2.) After a show cause order by the magistrate judge pointed out deficiencies in the jurisdictional allegations, McCray Lumber filed an amended notice of removal which alleged that Plaintiff is a citizen of Texas, Chandler and Hatch are both citizens of Kansas, and McCray Lumber is a citizen of both Kansas and Missouri.[2] (Doc. 12 at 2-3.)

The amended notice of removal further alleged that Plaintiff filed his complaint in state court on April 14 and requested summonses be issued for service by an authorized process server. (*Id.* at 1.) The summonses were issued on April 17, but "[n]one of the defendants were served prior to McCray Lumber's initial Notice of Removal filed on April 24, 2023." (*Id.*)

Plaintiff filed a motion to remand the action to state court, arguing the removal contravenes the "forum defendant rule" of 28 U.S.C. § 1441(b)(2), which provides in part that a diversity action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff argues that allowing a so-called

---

[2] McCray Lumber's initial notice of removal alleged, with respect to itself, only that it "is incorporated in Missouri." (Doc. 1 at 2.) The magistrate judge's show cause order pointed out, among other things, that a corporation's citizenship includes the state where its principal place of business is located, and noted the removal notice "does not allege the state where [McCray Lumber's] principal place of business is located." (Doc. 7 at 2.)

"snap removal" of this type "would eviscerate the purpose behind both diversity jurisdiction and removal jurisdiction based on an overly restrictive reading of the Forum Defendant Rule and ignoring good policy." (Doc. 13 at 9.)

**II. Standards**

Any civil action brought in state court over which a federal district court has original jurisdiction (including diversity jurisdiction under § 1332) generally "may be removed by the defendant or the defendants, to the district court of the United States … where such action is pending." 28 U.S.C. § 1441(a). But the existence of original jurisdiction "is not the only requirement for removal," because "[t]he removal statute, 28 U.S.C. § 1441, also imposes nonjurisdictional limitations." *Woods v. Ross Dress for Less, Inc*., No. 19-5089, 2021 WL 137561, *3 (10th Cir. Jan. 15, 2021). "[E]ven when the parties have diverse citizenship, removal may be prohibited when one of the defendants is a citizen of the forum state." *Id.* at *4 (citing 28 U.S.C. § 1441(b)(2)). This forum defendant rule "reflects the view that the purpose of removal under diversity jurisdiction is to protect defendants who fear parochial bias in state courts, so local defendants have no legitimate need to remove cases to federal court." *Id.*

**III. Analysis**

"Federal courts are split on whether 'snap removal'—hasty removal by a non-forum defendant before the plaintiff has an opportunity to serve the forum defendant—is permissible under the removal statute, and the Tenth Circuit has not addressed the issue." *Osburn v. Ardmore Suzuki, Inc*., No. 21-CV-234-JWB, 2023 WL 1927991, at *4 (E.D. Okla. Feb. 10, 2023). As the undersigned previously noted, "a review of district court cases in the Tenth Circuit reveals that courts have generally concluded that snap removal is not permitted if the forum defendant is not a sham party, and where a defendant removes before the plaintiff has had a reasonable opportunity

3

to serve the forum defendant." *Id.* (citing *Woods v. Dr Pepper Snapple Grp., Inc.*, 2020 WL 917284, at *2 (W.D. Okla. 2020); *Flandro v. Chevron Pipe Line Co.*, 2019 WL 1574811, at *6 (D. Utah 2019)). Other circuits have found the practice to be permissible, relying on the statute's reference to "served" defendants. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (allowing removal by an out-of-state defendant five days after action was filed, despite an unserved in-state defendant because the plain language of § 1441(b)(2) is unambiguous and did not lead to an absurd result); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019) (same); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018) (same).

No suggestion is made here (nor is one plausible) that any of the Defendants were fraudulently named as parties by Plaintiff to defeat a right of removal to federal court. (The undisputed facts also refute any suggestion that Plaintiff unreasonably delayed service of process on Defendants after filing the petition in state court.) Virtually all of the cases examining this issue acknowledge that § 1441(b)(2) prevents removal where *any* of the defendants is a citizen of the forum (in this instance all of the Defendants are citizens of Kansas), and that Congress's purpose in inserting the phrase "parties in interest properly joined and served" was to prevent gamesmanship by a plaintiff who seeks to prevent removal by "fraudulently" adding a forum defendant who is not a proper party. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) ("In the view of these courts, the purpose of the language is 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve.'") But by isolating the word "served" and ignoring the preceding context, those courts have "turn[ed] the statute's 'properly joined and served' language on its head." *Id*. And as *Goodwin* indicated, the gamesmanship will

4

only multiply if snap removal is permitted, as after a defendant outruns the process server and arrives at federal court, that court may properly turn around and grant a plaintiff's motion for dismissal under Fed. R. Civ. P. 41, thereby permitting the plaintiff to refile in his preferred state forum. That is the long way of carrying out Congress's exclusion of resident defendants from the right of removal in § 1441(b)(2). The short way is to recognize that a "part[y] in interest properly joined and served" includes one who is properly named as a defendant in the state petition but who races to federal court to avoid imminent service of process in the state proceeding. *Cf. Woods*, 2021 WL 137561, *4 (citing 16 Moore's Federal Practice § 107.55[1], at 107–108) ("The justification for the forum defendant rule is simple. The purpose of diversity jurisdiction is to provide litigants with an unbiased forum by protecting out-of-state litigants from local prejudices. Therefore, it makes no sense to allow an in-state defendant to take advantage of removal on the basis of diversity jurisdiction.").

### IV. Conclusion

Defendant's motion to strike or supplement (Doc. 25) is DENIED. Plaintiff's motion to remand (Doc. 13) is GRANTED. The clerk is instructed to REMAND this action to the District Court of Johnson County, Kansas.  IT IS SO ORDERED this day 21st of July, 2023.


                                                                                        _____s/ John W. Broomes_____
                                                                                        JOHN W. BROOMES
                                                                                        UNITED STATES DISTRICT JUDGE